**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| IFETAYO R. AZIBO-BOYNTON, et al., | No. 3:10-cv-4151 RS (NJV) |
| Plaintiffs, | ORDER DENYING MOTION TO COMPEL AND GRANTING REQUEST FOR MONETARY SANCTIONS (Doc. 31.) |
| CITY OF PINOLE, et al., | |
| Defendants. | |

This case was referred to the undersigned on August 24, 2011, for resolution of Defendants' motion to compel and any further discovery disputes. (Docket No. 32.) On September 13, 2011, a Clerk's Notice was entered in this case, setting the motion to compel for hearing on October 11, 2011, and stating that any opposition to the motion was due no later than September 27, 2011. (Docket No. 36.) September 27, 2011, passed and no opposition to the motion to compel was filed. On October 5, 2011, the Court entered an order denying Plaintiffs' request, filed October 4, 2011, to continue the October 11, 2011 hearing date and the date for the response to the motion. (Docket No. 39.) The Court also found the motion to compel suitable for resolution without oral argument, and thus took it under submission on the papers pursuant to Local Rule 7-1(b).

In their unopposed motion, Defendants seek an order from this Court compelling Plaintiffs' response to Defendants' first set of Special Interrogatories and first set of Request for Production of Documents. Defendants assert that based on the initial service date, responses to these discovery requests were due on or before July 6, 2011. The Court takes judicial notice of the fact that in their request to continue the October 11, 2011 hearing date, Plaintiffs assert that verified responses to these discovery requests were served on September 30, 2011, and October 3, 2011. The Court

further takes judicial notice of the fact that in their response to Plaintiffs' request, Defendants state that Plaintiffs served their discovery responses on October 3, 2011, but that the responses contain improper objections.

The Court finds that in light of the agreement by the parties that Plaintiffs have served the sought-after discovery responses on Defendants, Defendants' motion to compel has become moot. Any dispute regarding the propriety of objections made to the discovery requests will have to be raised separately.

In their motion to compel, Defendants request monetary sanctions in the amount of $1400.00 pursuant to Rule 33(d)(1)(A)(ii), Federal Rules of Civil Procedure. Defendants' counsel provides a declaration in which he provides a detailed account of this matter. He states that he twice granted Plaintiffs extensions of time to comply with Defendants' discovery requests. (James M. Marzan Declaration, ¶ 7 - 9.) Counsel explains that on August 1, 2011, he declined to grant Plaintiffs another extension of time. The discovery responses, however, were not provided. *Id*. at ¶ 9. Defendants' counsel again contacted Plaintiffs' counsel on August 10, 2011, asking that the responses be provided by August 12, and stating that otherwise he would have no choice but to file a motion to compel and seek monetary sanctions. *Id*. at ¶ 10. Counsel states that he received no responses to his letter of August 10, 2011, and that as of August 23, 2011, he had not received Plaintiffs' responses to the discovery requests. *Id*. at ¶ 11. Defendants' counsel certifies that he has made a good faith effort to obtain the discovery responses without Court action. *See* Fed.R.Civ.P. 37(d)(1)(B).

Defendants' counsel states that his hourly rate on this file is $175.00. *Id*. at ¶ 12. He states that he spent 5.0 hours on the meet and confer process and preparation of this motion. *Id*. He further states that he anticipates spending another 3.0 hours filing a reply to Plaintiffs' opposition, and in preparing for and attending the hearing on the motion. *Id*. Defendants thus request $1,400.00 in monetary sanctions against Plaintiffs and their attorney.

Rule 37(d)(1)(A)(ii) provides that the Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses." It is undisputed that Defendants' discovery requests were properly served and that Plaintiffs' responses at issue here were not served prior to the

filing of the motion to compel.  The Court finds that sanctions are warranted.  Because Defendants were not required to file a reply in this matter, or to attend a hearing, the Court will limit the amount of sanctions to the costs of the meet and confer process and preparation of the present motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Defendants' motion to compel is DENIED as moot;

2) Defendants' request for monetary sanctions is granted in the amount of $875.00; and

3) Plaintiffs and their counsel shall pay Defendants $875.00 in monetary sanctions within ten (10) days of the date of entry of this order.

Dated: October 12, 2011

_____
Nandor J. Vadas
United States Magistrate Judge

**United States District Court**
For the Northern District of California